HENRY McFARLAN v. MORRIS CANAL AND BANKING COMPANY.

1. The statute of limitations provides no bar to an action by a land-owner to recover compensation for property taken by the Morris Canal and Banking Company in pursuance of its charter.
2. An averment in a declaration that the defendant built its canal under its charter, sufficiently alleges compliance by the defendant with the conditions on which its right to build the canal was made by the charter to depend.

On demurrer to plea.

Argued at June Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *H. C. Pitney.*

For the defendant, *T. N. McCarter.*

The opinion of the court was delivered by

DIXON, J.    The plaintiff's action is brought (according to the statement of the declaration,) under the provisions of the twentieth and twenty-seventh sections of the charter of the Morris Canal and Banking Company, to recover damages, once for all, for a permanent injury to his lands and water-rights by the raising of the company's dam in the Rockaway river.    The defendant's plea is that the cause of action did not accrue within six years before suit brought, and to this the plaintiff demurs.

This court is, I think, precluded from any further inquiry into the validity of this plea by what is said in the opinion of the Court of Errors in *Lehigh Valley R. R. Co.* v. *Mc-Farlan,* 14 *Vroom* 605, 614, to wit, that the action reserved by the charter is the means provided for the land-owner to obtain an appraisement and recovery of his damages, in case the company does not proceed to obtain an appraisement of them by commissioners; and that it follows, from the substitution of an action by the owner for proceedings to appraise by commissioners, that the owner's action for compensation will not be barred by the statute of limitations, as ordinary actions for trespass and debt are barred, but he may proceed to have his damages appraised by action at any time before a right or title to the property has been acquired by adverse user or possession.    We are not at liberty to question what is here so plainly laid down by the court of last resort as a corollary from its own reasoning.

The plea must therefore be condemned, if the declaration

is what it claims to be.  But the defendant attacks the declaration as one based upon the charter, on the ground that it does not aver the filing by the company of a survey of the route of its canal, which the charter makes a necessary preliminary to the legal construction of the canal, and hence that the declaration merely shows an ordinary trespass, to which the statute of limitations is a bar.

The declaration states that the injury was done for the purpose of increasing the capacity of the defendant's canal, called the Morris canal, before that time built by the defendant under the provisions of an act of the legislature of the State of New Jersey, entitled, " An act to incorporate a company to form an artificial navigation between the Passaic and Delaware rivers," passed December 31st, 1824, which is a public act.  This averment that the canal was built under the provisions of the charter, is equivalent to an allegation that all the prerequisites of the charter were complied with by the company in its construction, including this of filing a survey of the route.  The principle applicable to the case is that the presumption must be in favor of the innocence of the defendant, where the contrary is not averred; that if anything stated to have been done by the defendant would have been legal or illegal, according to circumstances, it is to be regarded as legal, unless the facts which would render it illegal are set out.  Since, therefore, this pleading exhibits no illegality in the construction of the defendant's canal, and that construction was lawful if the survey was filed and the other conditions precedent were performed, compliance with these conditions must be presumed and need not be specially averred. It is not a case for the application of the doctrine that where either of two intendments may properly be drawn from the face of the declaration, that shall be taken which makes most strongly against the plaintiff, for no intendment of wrongdoing by the defendant arises from a declaration which asserts none.  On this point, the declaration, when filed, justified but one assumption as to the conduct of the defendant in building the canal, viz., that of its legality, and such must continue to

be the interpretation of the pleading, no matter what subse-- quent pleadings may assert.

We think, therefore, that the declaration does disclose a lawful taking of the plaintiff's property by the defendant under its charter, and a consequent ground for the statutory action to recover compensation therefor, to which this plea interposes no bar.

The plaintiff is entitled to judgment on the demurrer.